UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NEW YORK

| | |
|---|---|
| AUTUMN PENROSE,<br><br>　　　　Plaintiff,<br><br>v.<br><br>TROJAN MANUFACTURING CO., INC.; LAKESIDE MACHINE LLC; ALLEN-BRADLEY COMPANY, INC.; ALLEN-BRADLEY COMPANY; ROCKWELL AUTOMATION, INC., Individually and as Successor by Merger to ALLEN-BRADLEY COMPANY, INC. and ALLEN-BRADLEY COMPANY and JOHN DOE SERVICE COMPANY,<br><br>　　　　Defendants. | Civil Action No. 07-CV-603S(F) |

## DEFENDANT ROCKWELL AUTOMATION, INC.'S OPPOSITION TO PLAINTIFF'S MOTION FOR REMAND

Defendant Rockwell Automation, Inc. ("Rockwell"), individually and as successor in interest to Allen-Bradley Company, Inc. and Allen-Bradley Company, hereby submits this memorandum of law in opposition to plaintiff Autumn Penrose's ("Ms. Penrose") Motion for Remand.

In this product liability action, Ms. Penrose alleges that she suffered personal injuries while operating a tire-making machine that she contends was "defective and unreasonably dangerous." In addition to Rockwell and its predecessors in interest, Ms. Penrose has asserted claims against Trojan Manufacturing Co., Inc. ("Trojan"), Lakeside Machine LLC ("Lakeside") and a fictitious "John Doe Service Company." Trojan allegedly manufactured, designed,

marketed and sold the tire-making equipment. Rockwell, its predecessors in interest, and Lakeside are alleged to have manufactured component parts of the equipment.

On September 12, 2007, Rockwell, on behalf of itself and its predecessors, timely filed a notice of removal. Ms. Penrose does not dispute the basis for diversity jurisdiction under 28 U.S.C. § 1332. Trojan, Rockwell, Rockwell's predecessors and Lakeside are all residents and citizens of states other than New York. Nor does Ms. Penrose contest the amount-in-controversy requirement. Her sole contention is that Rockwell's removal notice was procedurally defective because Rockwell did not seek Trojan's or Lakeside's consent to removal.[1]

It is well-established that a removing party must generally seek the consent of its co-defendants as a condition to removal. Unlike the diversity and amount in controversy jurisdictional requirements, however, the unanimous consent rule is procedural in nature and is judicial, not statutory, in origin. *See Laskaris v. Home Depot U.S.A., Inc.*, No. 07-3355, 2007 U.S. Dist. LEXIS 60021 *1, *7 n.2 (E.D.N.Y. Aug. 15, 2007) ("no express statutory requirement that defendants unanimously consent to removal"); *Codapro v. Wilson*, 997 F. Supp. 322, 325 (E.D.N.Y. 1998) (same). As Ms. Penrose concedes in her remand motion, the unanimous consent rule is not inviolable. Notwithstanding the overarching principle that doubts should be resolved in favor of remand, the federal courts have long-recognized exceptions to this requirement. *McKay v. Point Shipping Corp.*, 587 F. Supp. 41, 42 (S.D.N.Y. 1984) (fraudulently joined party need not consent to removal); *Still v. DeBuono*, 927 F. Supp. 125, 129 (S.D.N.Y. 1996) (nominal or formal parties need not join in removal petition); *Ell v. S.E.T. Landscape Design, Inc.*, 34 F. Supp. 2d 188, 194 (S.D.N.Y. 1999) (consent not required where co-defendant

---

[1] The federal courts have consistently held that "John Doe" defendants need not consent to removal, *see, e.g., Green v. American Online*, 318 F.3d 465, 470 (3d Cir. 2003), and Ms. Penrose does not assert that John Doe Service Company's failure to join the removal petition is a basis for remand.

has not been served with summons and complaint). The application of a similar exception is warranted based on the circumstances here.

It is undisputed that both Trojan and Lakeside are no longer active companies. Although they have been properly served with process, neither defendant has responded to the complaint. Both have demonstrated that they do not intend to make an appearance in this action. Indeed, neither has an incentive to break its silence. Therefore, Rockwell finds itself in an untenable position where it has no practicable means of obtaining Trojan's or Lakeside's consent to federal jurisdiction.

Ms. Penrose cites two decisions – *Nosonwitz v. Allegheny Beverage Corp*, 463 F. Supp. 162 (S.D.N.Y. 1978) and *Storr Office Supply Div. v. Radar Bus. Systems-Raleigh, Inc.*, 832 F. Sup. 154 (E.D.N.C. 1993) – in which federal district courts have remanded actions despite the fact that the removing party's co-defendants were dissolved. These cases are plainly distinguishable, however. In both *Nosowitz* and *Storr*, the inactive defendants were citizens of the forum jurisdiction, and the propriety of removal turned on whether the defendants were nominal or fraudulent joined parties. *Nosonwitz*, 463 F. Supp. at 163-64 (insolvent defendant corporations citizens of New York); *Storr*, 832 F. Supp. at 156 (inactive defendant citizen of North Carolina). Therefore, absent some exception to their treatment, which the removing parties could not demonstrate, complete diversity could not be established. Here, on the other hand, the statutory bases for jurisdiction do not hinge on Trojan's or Lakeside's status, nor are they in question.

To order remand in this case based on a strict application of the unanimous consent rule would affect an inequitable result. Rockwell would be deprived of its statutory right to a federal forum under 28 U.S.C. 1441 merely because it could not satisfy a procedural obligation that is

impracticable for it to achieve. Thus, as a matter of logic and fairness, this Court should recognize an exception to the unanimous consent rule and deny Ms. Penrose' motion for remand.

DATED: Buffalo, New York
November 14, 2007

                                NIXON PEABODY, LLP

                                By: /s/Samuel Goldblatt
                                    Samuel Goldblatt, Esq.
                                    Attorneys for Defendant, Rockwell Automation, Inc.
                                    Key Towers at Fountain Plaza
                                    40 Fountain Plaza, Suite 500
                                    Buffalo, New York  14202
                                    (716) 853-8100
                                    E-Mail: sgoldblatt@nixonpeabody.com

TO: Michael A. Ponterio, Esq.
Lipsitz & Ponterio, LLC
Attorneys for Plaintiff
135 Delaware Avenue, 5th Floor
Buffalo, New York  14202
(716) 849-0701
(716) 849-0708
E-mail: map@lipsitzponterio.com

10793675.1                                        4