IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

| | | |
|---|---|---|
| AUTUMN PENROSE | ) | CIVIL NO. 07-CV-603S |
| | ) | |
| | ) | |
| Plaintiffs, | ) | MOTION TO REMAND AND |
| | ) | FOR COSTS |
| | ) | |
| TROJAN MANUFACTURING CO. | ) | |
| INC., etc., et al., | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

**REPLY MEMORANDUM OF POINTS AND AUTHORITIES IN
FURTHER SUPPORT OF PLAINTIFF'S MOTION TO REMAND THIS
MATTER TO THE SUPREME COURT FOR THE STATE OF NEW
YORK**

**INTRODUCTION**

This action arises out of personal injuries the plaintiff, Autumn Penrose, suffered when her left arm was drawn into a tire-making machine at the Dunlop Facility in Tonawanda, New York. The full procedural history of this action is summarized in plaintiff's October 10, 2007, Motion for Remand and for Costs.

There are three ascertained parties in this action, along with one fictitious defendant.[1] It is not disputed that the defendants, Trojan Manufacturing Co. (hereinafter "Trojan"), Lakeside Machine, LLC (hereinafter "Lakeside") and Rockwell Automation, Inc. (hereinafter "Rockwell"), have been validly served with process.

---

[1] The fictitious party, identified as John Doe Service Company, is intended to designate one or more persons, corporate or otherwise, who were not readily identifiable prior to the commencement of this action, believed to have distributed, transported, installed or otherwise handled the defective tire-making machine and associated equipment or provided inadequate training to plaintiff and others similarly situated, including, but not limited to, training applicable to the tire-making machine and associated equipment which are the subject of this action.  Plaintiff does not contend that the existence of a fictitious New York defendant serves to defeat diversity jurisdiction.

On September 12, 2007, Rockwell filed a notice of removal to Federal Court pursuant to 28 USC § 1441 on the basis of diversity jurisdiction. However, Rockwell failed to obtain the consent of its co-defendants, as required under the rule of unanimity. Rockwell likewise failed to articulate any recognized exception that would excuse it from compliance with the rule of unanimity. Accordingly, on October 10, 2007, plaintiff filed a Motion to Remand on the basis of Rockwell's failure to obtain the consent of its co-defendants.

On November 14, 2007, Rockwell filed its opposition to the Motion for Remand. Rockwell does not contend that its failure to obtain its co-defendants' consent to the removal petition falls under any of the established exceptions to the rule of unanimity, but it requests that this Court find that an unprecedented new exception to this rule absolves Rockwell of its obligation to obtain consent.

Under Rockwell's theory, a defendant seeking removal is not required to obtain the consent of its co-defendants, when said co-defendants adopt a strategic policy of silence.

## THE RULE OF UNANIMITY APPLIES TO ROCKWELL'S REMOVAL PETITION

Subject to certain specific exceptions, when a defendant seeks to remove an action to Federal Court, it must obtain the consent of all co-defendants. This requirement is commonly referred to as the rule of unanimity. Codapro Corp. v. Wilson, 997 F.Supp. 322, 325 (E.D.N.Y.,1998). Although the rule of unanimity is judicial, rather than statutory, it has governed removal petitions for over a century. *See* Chicago, R. I. & P. Ry. Co. v. Martin, 178 U.S. 245 (1900). It inarguably applies in the Second Circuit. Codapro, 997 F.Supp. at 325.

The courts have recognized three exceptions to the rule of unanimity by which failure to obtain a co-defendant's consent is excused: when a non-consenting co-defendant was fraudulently joined; when a non-consenting co-defendant is merely a "formal" or "nominal"

2

party; or when a non-consenting co-defendant has not been served with the summons and complaint. Federal Insurance Company v. Tyco International Ltd., 422 F.Supp.2d 357 (S.D.N.Y., 2006). Rockwell does not contend that any of these exceptions apply to the present case.

Rockwell implies that, because the rule of unanimity was judicially created, rather than established by statute, it should not be permitted to interfere with Rockwell's right to remove the case to federal court.[2] The caselaw urges the opposite outcome.

It is well settled that "[r]emoval jurisdiction must be strictly construed, both because the federal courts are courts of limited jurisdiction and because removal of a case implicates significant federalism concerns." In re NASDAQ Market Makers Antitrust Litigation, 929 F.Supp. 174, 178 (S.D.N.Y.1996) (citing Shamrock Oil & Gas Corp. v. Sheets, 313 U.S. 100, 109 (1941)).

The judicially created rule of unanimity is not in conflict with the statute. Rather, it works in concert with the statutory right in so far as it "advances the congressional purpose of giving deference to a plaintiff's choice of a state forum and of resolving doubts against removal and in favor of remand." Codapro, 997 F.Supp. at 325 *citing* Ogletree v. Barnes, 851 F.Supp. 184 (E.D.Pa., 1994).

Furthermore, there can be no question that the rule of unanimity applies in removals based on diversity jurisdiction. *See* Borden v. Blue Cross and Blue Shield of Western New York, 418 F.Supp.2d 266 (W.D.N.Y.,2006). ("This 'rule of unanimity' applies regardless of

---

[2] Rockwell argues that "Unlike the diversity and amount in controversy jurisdictional requirements, however, the unanimous consent rule is procedural in nature and is judicial, not statutory, in origin," (Rockwell's Opposition to Plaintiff's Motion for Remand at 2) and "Rockwell would be deprived of its statutory right to a federal forum under 28 U.S.C. 1441 merely because it could not satisfy a procedural obligation that is impracticable for it to achieve." (*Id*. at 3-4.)

3

whether federal subject matter jurisdiction is based on diversity or federal question."); Ell v. S.E.T. Landscape Design, Inc., 34 F.Supp.2d 188, 194 (S.D.N.Y.,1999).

Rockwell's implication that it should be excused from abiding by the rule of unanimity because that rule is procedural in nature is also unpersuasive. It is "well settled in this jurisdiction that all defendants must join a removal petition or else the petition is defective and the case must be remanded." Codapro, 997 F.Supp. at 325 *quoting* Forum Insurance Company v. Texarkoma Crude and Gas Co., 92 Civ. 8602, 1993 WL 228023, at *2 (S.D.N.Y. June 22, 1993).

### FUNDAMENTAL FAIRNESS DOES NOT REQUIRE THAT THIS COURT RECOGNIZE A NEW EXCEPTION TO THE RULE OF UNANIMITY

Rockwell's co-defendants, Trojan and Lakeside, are both inactive companies. Nonetheless both companies are potentially subject to liability in this case, as Ms. Penrose's injury constitutes a pre-dissolution liability to both companies.

It is undisputed that both co-defendants have been served with process. To date, neither company has chosen to appear in this case. Rockwell categorizes this as a strategic decision, writing "Both [co-defendants] have demonstrated that they do not intend to make an appearance in this action. Indeed, neither has an incentive to break its silence." (Rockwell's Opposition to Plaintiff's Motion for Remand at 3.)

Rockwell contends, in other words, that because its co-defendants have apparently made a strategic decision not to act affirmatively in this case, it should be relieved of its obligation to obtain their consent. Furthermore, Rockwell does not contend that it has made any effort whatsoever to obtain consent. Rather, it appears that Rockwell assumes that the defendants' status as non-active companies would excuse Rockwell from the requirement to obtain their consent.

As discussed in plaintiff's initial Motion to Remand, a party's status as a non-active, bankrupt or dissolved corporation does not render it irrelevant for purposes of determining diversity jurisdiction.  *See* Harris v. Black Clawson Co., 961 F.2d 547 (C.A.5 (La.),1992), Diebel v. S.B. Trucking Co., 262 F.Supp.2d 1319 (M.D.Fla., 2003), Nosonowitz v. Allegheny Beverage Corp., 463 F.Supp. 162 (D.C.N.Y., 1978), Storr Office Supply Div. v. Radar Business Systems-Raleigh, Inc., 832 F.Supp. 154 (E.D.N.C.,1993).  Unless the defendant seeking removal makes a showing that the particular inactive or dissolved entities are nominal or formal defendants, or that such entities have been fraudulently joined, inactive and dissolved defendants are treated like any other defendant.

The rule is clear: in a suit with multiple defendants, each co-defendant must affirmatively assert its consent to remove an action on diversity grounds in a timely fashion.  Codapro, 997 F.Supp. at 325.  In the absence of such consent, the action should be remanded upon timely motion by the plaintiff.  Rockwell has provided no compelling reason to deviate from the ordinary practice.

Rockwell suggests that because its co-defendants' strategic silence has made obtaining consent "impracticable" logic and fairness require this Court to carve out a heretofore unprecedented exception to the rule of unanimity.  There is nothing illogical in the standard rule, however, which, in the absence of unanimous consent, defers to a plaintiff's choice of a state forum.

## CONCLUSION

Rockwell does not have an unfettered right to remove a case to federal court, even when total diversity exists.  In this case, removal would only have been proper had Rockwell obtained the affirmative consent of its co-defendants or demonstrated that one of the recognized

5

exceptions to the rule of unanimity applies. It is fundamentally inconsistent for Rockwell to imply that it cannot gain the cooperation of the other defendants because, for strategic reasons, they will not engage themselves in the action and for Rockwell, at the same time, to use this circumstance as a justification to act unilaterally in removing the case to federal court.

Dated: Buffalo, New York
       November 21, 2007

                                            Yours, etc.

                                            /s/John Ned Lipsitz
                                            John Ned Lipsitz, Esq.
                                            LIPSITZ & PONTERIO, LLC
                                            *Attorneys for Plaintiff*
                                            Office & P.O. Address
                                            135 Delaware Ave., 5th Floor
                                            Buffalo, NY 14202
                                            Telephone: (716) 849-0701
                                            E-mail: jnl@lipsitzponterio.com