UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

AUTUMN PENROSE,

                      Plaintiff,

v.

TROJAN MANUFACTURING CO., INC.,
LAKESIDE MACHINE LLC,
ALLEN-BRADLEY COMPANY, INC.,
ALLEN-BRADLEY COMPANY,
ROCKWELL AUTOMATION, INC.,
  Individually and as Successor by Merger
  to Allen-Bradley Company, Inc. and
 Allen-Bradley Company, and
JOHN DOE SERVICE COMPANY,

                      Defendants.

**DECISION
and
ORDER**

07-CV-603S(F)

---

APPEARANCES:        LIPSITZ & PONTERIO, LLC
                           Attorneys for Plaintiff
                           MICHAEL A. PONTERIO and
                           JOHN N. LIPSITZ, of Counsel
                           135 Delaware Avenue
                           Fifth Floor
                           Buffalo, New York 14202

                           NIXON PEABODY LLP
                           Attorneys for Defendants Allen-Bradley Company, Inc.,
                             Allen-Bradley Company, and Rockwell Automation, Inc.
                           SAMUEL GOLDBLATT, of Counsel
                           Key Towers at Fountain Plaza
                           40 Fountain Plaza, Suite 500
                           Buffalo, New York 14202

## **JURISDICTION**

This action was referred to the undersigned by Honorable William M. Skretny on September 21, 2007 for nondispositive motions. The matter is presently before the court on Plaintiff's motion for a remand to state court (Doc. No. 7), filed October 10,

2007.[1]

## BACKGROUND and FACTS[2]

Plaintiff Autumn Penrose ("Plaintiff"), commenced this action in New York Supreme Court, Erie County ("state court"), on June 18, 2007, seeking monetary damages for personal injuries and a arising out of an August 5, 2006 accident ("the accident") at Dunlop Tire Corporation in Tonawanda, New York, Plaintiff's then place of employment.  According to Plaintiff, while working with a tire making machine, her left arm became caught in and was dragged into the tire making machine, resulting in serious personal injuries.  Named as Defendants in the original complaint are Allen-Bradley Company, Inc. ("Allen-Bradley Co., Inc."), Allen-Bradley Company ("Allen-Bradley Co."), Trojan Manufacturing Co., Inc. ("Trojan"), and Lakeside Machine LLS ("Lakeside").  Valid service of process was made on Trojan on June 29, 2007, and on Lakeside, on July 6, 2007, but, according to the docket entries for this case, has never been effected on Allen-Bradley Co., Inc., Allen-Bradley Co., or the John Doe defendant.

---

[1] The undersigned considers a matter of remand as not dispositive as it resolves only the question of whether there is a proper basis for federal jurisdiction to support removal and does not reach a determination of either the merits of a plaintiff's claims or defendant's defenses or counterclaims. Following the decision on remand, the parties may prosecute such claims or defenses, including related dispositive motions, if any, in whichever court the decision may direct the action to proceed.  *Wachovia Bank National Assoc. v. Deutsche Bank Trust Co.*, 397 F.Supp.2d 698 (W.D.N.C. Nov. 8, 2005); *Holt v. Tonawanda Coke Corp.*, 802 F.Supp. 866 (W.D.N.Y. 1991); *Acme Electric Corp. v. Sigma Instruments. Inc.*, 121 F.R.D. 26 (W.D.N.Y. 1988).  See *Mahl Bros. Ins. Co. v. St. Paul Fire & Marine Ins. Co.*, 307 F.Supp.2d 474 478 (W.D.N.Y. 2004) (Arcara, C.J.) (denying under 28 U.S.C. § 636(b)(1)(A), plaintiff's objections to undersigned's decision denying motion to remand as not "clearly erroneous or contrary to law.").  Should, however, the District Judge disagree, *see, e.g., In re U.S. Healthcare*, 159 F.3d 142, 145-46 (3d Cir. 1998) (holding motion to remand action to state court was dispositive as such motion conclusively determines whether a federal forum is available to address the dispute), then the undersigned's finding regarding the motion to remand should be treated as a report and recommendation pursuant to 28 U.S.C. § 636(b)(1)(B).

[2] The Facts are taken from the pleadings and motion papers filed in this action.

On August 23, 2007, prior to the filing of any answers, Plaintiff filed an Amended Complaint ("the Amended Complaint"), the allegations of which are essentially identical to those of the original complaint, with Rockwell Automation, Inc. ("Rockwell"), the successor in interest to both Allen-Bradley Co., Inc. and Allen-Bradley Co.,[3] newly named as a defendant in addition to the defendants named in the original complaint. The Amended Complaint was served on CT Corporation, as agent for service of process for Rockwell, on September 5, 2007. The Amended Complaint has not been served on Trojan, Lakeside, Allen-Bradley Co., Inc., Allen-Bradley Co., or the John Doe defendant.

It is undisputed that Plaintiff is a New York resident, whereas Rockwell is a Delaware corporation with its principal place of business in Wisconsin. Trojan is an Ohio corporation whose status is listed in the Ohio Secretary of State's records as inactive. Similarly, Lakeside is a Tennessee for-profit limited liability company whose status is listed in the Tennessee Secretary of State's records as inactive.

On September 12, 2007, Rockwell removed the action to this court (Doc. No. 1) ("Removal Notice") asserting diversity of citizenship under 28 U.S.C. § 1332 as the basis for subject matter jurisdiction. On October 10, 2007, Plaintiff filed the instant motion (Doc. No. 7) ("Plaintiff's motion"), asserting defective removal based on the failure of Trojan and Lakeside to consent to the removal, and seeking to remand the action to state court. The motion is supported by the attached Memorandum of Points

---

[3] Although Allen-Bradley Company, Inc. and Allen-Bradley Company are separately named as Defendants, it is undisputed that Rockwell is the successor in interest to both and, as such, is the real party in interest.

and Authorities in Support of Plaintiff's Motion for Remand ("Plaintiff's Memorandum"), and exhibits A through D ("Plaintiff's Exh(s). __").

In opposition to remand, Rockwell filed on November 14, 2007, Defendant Rockwell Automation Inc.'s Opposition to Plaintiff's Motion for Remand (Doc. No. 11) ("Rockwell's Response").  On November 21, 2007, Plaintiff filed a Reply Memorandum of Points and Authorities in Further Support of Plaintiff's Motion to Remand this Matter to the Supreme Court for the State of New York (Doc. No. 12) ("Plaintiff's Reply").  Oral argument was deemed unnecessary.

Based on the following, Plaintiff's motion is DENIED.

## **DISCUSSION**

Removal of a state court proceeding to federal court is provided for under 28 U.S.C. § 1441(a) ("§ 1441(a)") which states in pertinent part

> any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending.

Thus, actions asserting only claims arising under federal law are removable regardless of a defendant's citizenship because 28 U.S.C. § 1331 grants federal courts "original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States."  District courts also have original jurisdiction of civil actions where, as here, the amount in controversy exceeds $ 75,000 and is allegedly between citizens of different states.  28 U.S.C. § 1332(a)(1).

Because federal courts are courts of limited jurisdiction, and as removal of a case

raises issues of federalism, removal statutes are narrowly construed and doubts are resolved against removal.  *Somlyo v. J. Lu-Rob Enterprises, Inc.*, 932 F.2d 1043, 1045-46 (2d Cir. 1991).  The removal statute is construed according to federal law. *Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100, 104 (1941); *Somlyo*, 932 F.2d at 1047.

When removal is challenged, the removing party bears the burden of establishing that the requirements for diversity jurisdiction were met.  *Mehlenbacher v. Akzo Nobel Salt, Inc.*, 216 F.3d 291, 295-96 (2d Cir. 2000).  Regardless of whether the issue is raised by the parties, however, a district court is required to inquire into and determine whether federal question or diversity jurisdiction in a removed action exists.  *Id*. at 295.  The lack of federal subject matter jurisdiction for a removed action cannot be waived by either party and may be raised at any time.  *Caterpillar Inc. v. Lewis*, 519 U.S. 61, 69 (1996) (observing that 30-day limit in which to move to remand based on improper removal does not apply to jurisdictional defects insofar as 28 U.S.C. § 1447(c) provides "If at any time before final judgment it appear that the district court lacks subject matter jurisdiction, the case shall be remanded."); *Mehlenbacher*, 216 F.3d at 295 (because a lack of subject matter jurisdiction is not a defect but mandates dismissal, court is obligated to *sua sponte* consider whether requirements of diversity jurisdiction are satisfied).  Furthermore, the whether such requirements have been met, the court first looks to the complaint and the removal petition.  *Mehlenbacher*, 216 F.3d at 296.

In the instant case, Rockwell removed this action from New York Supreme Court, Erie County, pursuant to 28 U.S.C. § 1441(b), asserting subject matter jurisdiction based on complete diversity of citizenship under 28 U.S.C. § 1331.  Removal Notice ¶

10. Plaintiff does not dispute that diversity jurisdiction exists between Plaintiff and Defendants but, rather, maintains that removal was procedurally defective because neither Trojan nor Lakeside, both of whom were validly served with process, has formally consented in the removal, in violation of the "rule of unanimity" requiring all validly served defendants to join in the removal.[4]  Plaintiff's Memorandum at 1.  In opposition to the motion to remand, Rockwell argues that because both the corporate status of both Trojan and Lakeside is listed in its relevant Secretary of State's records as "inactive," neither Trojan nor Lakeside intends to appear in this action and, as such, neither was required to consent to removal, and requiring such consent would be too "strict" an application of the judicially created procedural rule of unanimity, yielding "an inequitable result."  Rockwell's Response at 2-3.  In further support of remand, Plaintiff asserts that although both Trojan and Lakeside are inactive companies, both are nevertheless potentially subject to liability in this action because Plaintiff's injury "constitutes a pre-dissolution liability to both companies."  Plaintiff's Reply at 4.

Although not expressly required by 28 U.S.C. § 1441(a) ("§ 1441(a)"), it is well settled that all defendants must join in removal.  *Chicago R.I. & P.R. Co. v. Martin*, 178 U.S. 245, 248 (1900). *See also Wisconsin Department of Corrections v. Schacht*, 524 U.S. 381, 393 (1998) (Kennedy, J., concurring) ("[r]emoval requires the consent of all of the defendants" (citing *Martin*, 178 U.S. at 248)); *Piacente v. State University of New York at Buffalo*, 362 F.Supp.2d 383, 384 n. 2 (W.D.N.Y. 2004) (noting the "rule of

---

[4] Consent of a fictitious "John Doe" defendant is not required for removal.  28 U.S.C. § 1441(a) (for purposes of removal, "the citizenship of defendants sued under fictitious names shall be disregarded.").

unanimity" requires all served defendants to consent to removal within the statutory 30-day period in which removal may be made).  See also CHARLES ALAN WRIGHT, LAW OF FEDERAL COURTS, § 40 (1994) (all defendants, except for nominal defendants and unserved defendants, must join in removal).  Further, the burden is on the removing defendants to establish that such defendants were not required to obtain the non-removing defendants' consent to the removal.  *Tate v. Mercedes-Benz USA, Inc.*, 151 F.Supp.2d 222, 226 (N.D.N.Y. 2001) (holding removing defendants required to obtain non-removing defendants' consent to removal even though plaintiff failed to file affidavit of service on non-removing defendants before other defendants removed action to federal court); *Barlett v. Hoseclaw*, 1995 WL 591140, *1 (W.D.N.Y. Sep't. 7, 1995) (burden is on removing defendants to show why non-removing defendants need not have joined in or consented to removal).  See *Codapro Corp. v. Wilson*, 997 F.Supp. 322, 326 (S.D.N.Y. 1998) (holding burden is on removing defendants to show all served defendants consent to removal).  The rule of unanimity, however, is subject to three exceptions, including "(1) the non-joining defendants have not been served with service of process at the time the removal petition is filed; (2) the non-joining defendants are merely nominal or formal parties; [or] (3) the removed claim is a separate and independent claim as defined by 28 U.S.C. § 1441(c)." *Varela v. Flintock Constr., Inc.*, 148 F.Supp.2d 297, 300 (S.D.N.Y. 2001).

Here, Plaintiff maintains, and Rockwell does not dispute, that valid service of process occurred with regard to Trojan on June 29, 2007, and Lakeside on July 6, 2007. Plaintiff's Memorandum at 2 and Plaintiff's Exhs. C and D.  Because all Defendants were served prior to September 12, 2007 when Rockwell filed the Notice of Removal,

the failure of all Defendants to join in or consent to removal would normally require remanding the action.  *Martin*, 178 U.S. at 248; *Piacente*, 362 F.Supp.2d at 384 n. 2.  Specifically, although both Trojan and Lakeside are listed as "inactive" companies in the records for their respective Secretaries of State, that fact alone does not mean a company is not amenable to suit.  Federal Rule of Civil Procedure 17(b) provides that the capacity of a corporation or business entity to sue or be sued is determined by the law of the jurisdiction under which it is organized.  Rule 17(b) applies whether the business entity is viable or dissolved.  *Ripalda v. American Operations Corp.*, 977 F.2d 1464, 1468 (D.C. Cir. 1992) (citing 6A C. Wright, A. Miller & M. Kane, Federal Practoce and Prodedure § 1563 at 455 (1990)).

Under Tennessee law, Lakeside, a Tennessee limited liability company ("LLC"), can be sued.  Tennessee Code Annotated ("T.C.A.") § 48-212-101(1) (describing general powers of an LLC as including the power to "[s]ue and be sued, complain and defend in its LLC name").  The dissolution of an LLC, however, does not bar a legal claim against the LLC provided the liability was incurred, as here, prior to such dissolution.  T.C.A. § 48-245-502.  Similarly, under Ohio law, Trojan, an inactive Ohio corporation, can be sued provided the claim accrued prior to the dissolution of the corporation.  Ohio Rev. Code § 1701.88(B) ("Any claim existing or action or proceeding pending by or against the corporation or which would have accrued against it may be prosecuted to judgment . . . .").  Accordingly, the bare fact that both Lakeside and Trojan are "inactive" does not bar the instant claims against them, unless the claims accrued after their formal dissolution.  T.C.A. § 48-245-502; Ohio Rev. Code § 1701.88(B).  Significantly, Plaintiff maintains, Plaintiff's Reply at 4 ("Ms. Penrose's injury constitutes a

pre-dissolution liability to both companies"), and Rockwell does not dispute, that Plaintiff's claims accrued before either Lakeside or Trojan was formally dissolved.[5] Therefore, as both Lakeside and Trojan were amenable to suit in the instant action, their consent to removal would normally be required and the failure to obtain such consent would render the removal procedurally defective, requiring remand to state court.

     Nevertheless, although not argued by Rockwell, remand is not required in the instant action because the Amended Complaint, filed August 23, 2007, was never served on either Trojan or Lakeside, such that they were not required to join in the removal.  *See* Removal Notice ¶1 (establishing valid service of Amended Complaint on Rockwell), and Plaintiff's Exh. B (establishing valid service of only original complaint on Trojan and Lakeside).  *See also Mehlenbacher*, 216 F.3d at 296 (whether subject matter jurisdiction exists can be determined from the complaint and removal notice). Significantly, it has long been the law in New York, to which a federal court in a diversity action must refer on an issue of service prior to removal, Fed. R. Civ. P. 4(m) and 81(c), that the filing of the Amended Complaint  superseded the original complaint and became the only complaint in the case. *Penniman v. Fuller & Warren Co.*, 31 N.E. 318, 318 (N.Y. 1892).  *See also Titus v. Titus*, 712 N.Y.S.2d 880, 881 (2d Dep't 2000) ("since the original complaint was superseded by an amended complaint, the sufficiency of the allegations contained in the original complaint is academic"); *Hummingbird Assoc. v. Dix Auto Serv. Inc.*, 709 N.Y.S.2d 51, 52 (1st Dep't 2000) (holding plaintiff abandoned action with regard to defendant named in original complaint because amended complaint,

---

[5] In fact, nothing in the record indicates that either Lakeside or Trojan has been, or is in the process of being, formally dissolved.

which failed to name same defendant as original complaint, "superseded the original complaint and became the only complaint in the action"); *Saint Lawrence Explosives Corp. v. Law Bros. Contracting Corp.*, 566 N.Y.S.2d 127, 128 (4th Dep't 1991) ("When an amended complaint has been served, it supersedes the original complaint and becomes the only complaint in the case"); and *Schoenborn v. Kinderhill Corp.*, 470 N.Y.S.2d 495, 495 (3d Dep't 1983) ("An amended complaint having been served, it superseded the original complaint and became the only complaint in the case").

Moreover, "it is well established that an amended complaint ordinarily supersedes the original, and renders it of no legal effect." *Dluhos v. Floating & Abandoned Vessel*, 162 F.3d 63, 68 (2d Cir. 1998). Thus, as the Amended Complaint has not been served on Trojan or Lakeside, they are not defendants to this action. Moreover, because the Federal Rules of Civil Procedure apply to civil actions after removal from state court, Fed. R. Civ. P. 81(a), here, given that the Amended Complaint was not served on Trojan and Lakeside prior to removal, its service after removal is now governed by Fed. R. Civ. P. 4(m) ("Rule 4(m)"), which requires service within 120 days after filing, or the action must be dismissed as against the unserved defendants. Plaintiff thus is now out of time to serve Trojan and Lakeside with the Amended Complaint.

Accordingly, the record establishes that the Amended Complaint, which rendered the original complaint without legal effect, was only served on Rockwell prior to removal, and has not been served on Trojan or Lakeside within 120 days of the Amended Complaint's filing as Rule 4(m) requires. As such, only Rockwell was required to

consent to the removal.[6]

## CONCLUSION

Based on the foregoing, Plaintiff's motion (Doc. 7) is DENIED.

SO ORDERED.

/s/ *Leslie G. Foschio*

LESLIE G. FOSCHIO
UNITED STATES MAGISTRATE JUDGE

DATED:   April 14, 2008
         Buffalo, New York

---

[6] Were the Amended Complaint a supplemental pleading, rather than an amended pleading, it would not have superseded the original complaint, such that Trojan and Lakeside would have been required to join in the removal. *See Lovisa Construction Company, Inc. v. Facilities Development Corporation*, 539 N.Y.S.2d 541, 543 (3d Dep't 1989) (observing that supplemental pleading, unlike an amended pleading, did not supersede original pleading such that defendant was not required to file new answer with regard to the first three claims for relief set forth in the supplemental pleading, given such claims were identical to those set forth in the original pleading). An amended pleading differs from a supplemental pleading insofar as an amended pleading seeks to change the pleading to add facts and claims in existence in time for inclusion in the original pleading, whereas a supplemental pleading serves to add a claim or matter that only came into being, or into the pleader's knowledge, after the original pleading was served. *Id.* A change to correct a mistake, such as a misnomer or an incorrect name of a defendant is an amendment, rather than a supplement, to a pleading. *See Manocchio v. Wohlfeil*, 614 N.Y.S.2d 837, 837 (4th Dep't 1994). Here, that the Amended Complaint was an amended, rather than a supplemental pleading, is underscored by the fact that it was filed without leave of the court or stipulation of the parties. *See* N.Y. Civ. Prac. L. & R. § 3025(b) (requiring leave of court or stipulation of the parties for filing a supplemental pleading); *see also* Fed. R. Civ. P. 15(a)(1)(A) (right to serve amended pleading prior to service of responsive pleading).